# IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>JOHN LANGENSTEIN, DEBTOR | CHAPTER 13 BANKRUPTCY CASE<br>NO. 09-00516<br><br>DECLARATION OF GARNETT K. HALL IN SUPPORT OF OBJECTION TO CHAPTER 13 PLAN |

## DECLARATION OF GARNETT K. HALL IN SUPPORT OF OBJECTION TO CHAPTER 13 PLAN

I, Garnett K. Hall, am the Manager of Kona Farms, LLC, a creditor in the above entitled action, am competent to testify as to the matters contained in this Declaration based upon my personal knowledge.

1. Kona Farms, LLC and 76% of its owners initiated a lawsuit against the Debtor, John Langenstein, for his fraud and intentional misrepresentations.

2. The lawsuit was initiated back in the spring of 2006, and we actively litigated the case. The complaint included claims for fraud and intentional misrepresentation, as well as negligent misrepresentation. The claims for fraud and intentional misrepresentation were initially dismissed by the court because of lack of evidence. The jury trial finally began in March of 2009. Debtor's trial counsel was Richard McNight and David Mincin.

3. At trial, testimony from witnesses showed fraud and intentional misrepresentation. Therefore, we moved for reinstatement of the fraud and intentional misrepresentation claims, and the court granted that motion. After three full days of jury trial, and just before the case went to the jury for a decision, John Langenstein filed the present bankruptcy. I believe Langenstein filed the bankruptcy solely to defeat the jury trial. He could have filed bankruptcy much sooner, before we incurred the expense of the jury trial.

4. Then, on the very day that the court declared a mistrial because of the bankruptcy, my attorney (Keen Ellsworth) received an email from Langenstein's attorney, David Mincin. A copy of that email is attached hereto as Exhibit A. In that email, David Mincin states "I just wanted to make sure that you understand legally, John can have his case dismissed very easily right now. If there is any sentiment for settlement discussions, the bankruptcy is not an impediment."

5. Then, the very next day, my attorney (Keen Ellsworth) received a telephone call from Richard McNight, the lead attorney for Langenstein. He told Mr. Ellsworth that because of the bankruptcy, we would not be able to pursue our claims against John for misrepresentation, but John would be able to pursue his claims against me and my fellow owners of Kona Farms for payment on certain promissory notes. Mr. McNight also said I can expect a new lawsuit to be filed by John in bankruptcy court against me and my fellow owners in Kona Farms. Finally, Mr. McNight said that the

bankruptcy can be dismissed immediately upon a settlement. He said that if we paid Langenstein $500,000, then he would dismiss the bankruptcy. See Mr. Ellsworth's Declaration attached hereto as Exhibit B.

6. It is also important to note that Mr. McNight (Langenstein's trial counsel) took a secured interest in the promissory notes that are at the heart of the Nevada lawsuit. This significantly impaired potential settlements and violates Nevada's rules of ethics.

7. As a result of Langenstein's fraud and misrepresentations, Kona Farms has incurred substantial damages. The damages are in excess of $1,200,000. These damages stem from Langenstein's breach of management duties; breach of fiduciary duties; unauthorized use of Kona Farms' equipment, supplies, and personnel for his private purposes; failure to plant the number of coffee trees that he was supposed to plant, which results in significant loss of income; and misrepresenting the production of his private farm to artificially inflate the price, which farm was eventually purchased by Kona Farms, LLC at the inflated price. Additionally, as a consequence of Langenstein's bad acts, Kona Farms has incurred litigation expenses in excess of $299,000.00. And those expenses are growing each week.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING FACTS ARE TRUE AND CORRECT BASED UPON THE BEST OF MY BELIEF.

Date: May 21, 2009.

_(signature)_
Garnett K. Hall

**Barbara L. Franklin**

| | |
|---|---|
| **From:** | DMincin [DMincin@lawlasvegas.com] |
| **Sent:** | Wednesday, March 11, 2009 1:35 PM |
| **To:** | Keen Ellsworth |
| **Cc:** | 'Richard McKnight, Esq.' |
| **Subject:** | Bankruptcy can be dismissed |

I just wanted to make sure that you understand legally, John can have his case dismissed very easily right now. If there is any sentiment for settlement discussions, the bankruptcy is not an impediment.

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF HAWAII

| In re: | CHAPTER 13 BANKRUPTCY CASE NO. 09-00516 |
|---|---|
| JOHN LANGENSTEIN, DEBTOR | |
| | DECLARATION OF KEEN L. ELLSWORTH IN SUPPORT OF OBJECTION TO CHAPTER 13 PLAN |

**DECLARATION OF KEEN L. ELLSWORTH IN SUPPORT OF OBJECTION TO CHAPTER 13 PLAN**

I, Keen L. Ellsworth, was trial counsel for Kona Farms, LLC, a creditor in the above entitled action, am competent to testify as to the matters contained in this Declaration based upon my personal knowledge.

1. Kona Farms, LLC and 76% of its owners initiated a lawsuit against the Debtor, John Langenstein, for his fraud and intentional misrepresentations. The lawsuit was filed in the Eighth Judicial District Court, Clark County, Nevada.

2. After three full days of jury trial, John Langenstein filed the present bankruptcy.

4. On the same day that Mr. Langenstein filed bankruptcy, I received an email from Langenstein's attorney, David Mincin. Mr. Mincin stated "I just wanted to make sure that you understand legally, John can have

his case dismissed very easily right now. If there is any sentiment for settlement discussions, the bankruptcy is not an impediment."

5. Then, the very next day, I received a telephone call from Richard McNight, the lead attorney for Langenstein. He told me that because of the bankruptcy, we would not be able to pursue our claims against John for misrepresentation, but John would be able to pursue his claims against my clients for payment on the promissory notes at issue in the Nevada litigation. Mr. McNight also said I can expect a new lawsuit to be filed by John in bankruptcy court against my clients. Finally, Mr. McNight said that the bankruptcy can be dismissed immediately upon a settlement. He said that if my clients paid Langenstein $500,000, then he would dismiss the bankruptcy.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING FACTS ARE TRUE AND CORRECT BASED UPON THE BEST OF MY BELIEF.

Date: May 21st, 2009.

Keen L. Ellsworth